# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOAN CARTWRIGHT, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 13-1084-JWL |
| CAROLYN W. COLVIN, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Commissioner's evaluation of Plaintiff's headaches, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I. Background**

Plaintiff applied for SSD, alleging disability beginning August 28, 2008. (R. 11, 211-12). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She alleges the

Administrative Law Judge (ALJ) erred in evaluating the severity of her headaches at step two of the Commissioner's five-step sequential evaluation process; erred in evaluating the non-examining source opinion of Dr. Goren, particularly with regard to Plaintiff's headaches; and erred in evaluating the credibility of Plaintiff's allegations of symptoms resulting from her impairments.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

3

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Applying this standard, the court finds that remand is necessary because the ALJ erred in evaluating Plaintiff's headaches at step two of the sequential evaluation process. On remand, if the Commissioner determines Plaintiff's headaches do not meet the de minimis standard for a "severe" impairment, she must explain in terms of the record evidence how she determined that headaches have no more than a minimal effect on Plaintiff's ability to perform basic work activities. That explanation will necessarily involve evaluation of the medical opinions and the credibility of Plaintiff's allegations of symptoms in light of the specific record evidence regarding Plaintiff's headaches.

## II.    The Step Two Evaluation

Plaintiff argues that "the ALJ made no documentation of her analysis of the 'non-severe' impairments at step two." (Pl. Br. 23). Plaintiff notes that the ALJ recognized headaches as a medically determinable impairment in the facts and circumstances of this case, but that she found that they are not "severe" impairments within the meaning of the Act and regulations. Id. at 24. Plaintiff points to record evidence which in Plaintiff's view meets the de minimis standard to establish headaches as a "severe" impairment, and argues that in spite of this evidence the "ALJ failed to give an explanation for her finding at step two," and that this failure requires remand. (Pl. Brief 25).

4

The Commissioner argues that Plaintiff has the burden of proof at step two of the sequential evaluation process to show that she has an impairment having more than a minimal affect on her ability to perform basic work activities, and that because Plaintiff did "not identify any impairment not discussed by the ALJ," she cannot establish that such an impairment is severe. (Comm'r Br. 13). The Commissioner points out the medical expert's (Dr. Goren's) testimony that he excluded Plaintiff's headaches from his consideration because they are merely Plaintiff's allegation of symptoms which cannot be confirmed by the medical evidence, and that it is the ALJ's responsibility to make the credibility determination. Id. at 16. She argues that the ALJ reasonably relied upon Dr. Goren's testimony that the medical evidence cannot confirm the severity of Plaintiff's headaches, and that the ALJ "made an independent determination on the credibility of Plaintiff's allegations regarding her headaches that went beyond the factors considered by Dr. Goren, including inconsistencies in the record and Plaintiff's reported work activities." Id. at 18. Therefore, the Commissioner argues that because the ALJ reasonably relied upon Dr. Goren's opinion, and because the ALJ's credibility determination is supported by substantial record evidence, there is no need to remand for evaluation whether Plaintiff's headaches are severe. Id. at 14.

### A. **Standard for Evaluating Severity at Step Two**

An impairment is not considered severe if it does not significantly limit plaintiff's ability to do basic work activities such as walking, standing, sitting, carrying, understanding simple instructions, responding appropriately to usual work situations, and

dealing with changes in a routine work setting.  20 C.F.R. § 404.1521.  The Tenth Circuit has interpreted the regulations and determined that to establish a "severe" impairment or combination of impairments at step two of the sequential evaluation process, plaintiff must make only a "<u>de minimis</u>" showing.  <u>Hinkle v. Apfel</u>, 132 F.3d 1349, 1352 (10th Cir. 1997).  Plaintiff need only show that an impairment would have more than a minimal effect on her ability to do basic work activities.  <u>Williams</u>, 844 F.2d 748, 751 (10th Cir. 1988).  However, she must show more than the mere presence of a condition or ailment.  <u>Hinkle</u>, 132 F.3d at 1352 (citing <u>Bowen v. Yuckert</u>, 482 U.S. 137, 153 (1987)).  If an impairment's medical severity is so slight that it could not interfere with or have a serious impact on plaintiff's ability to do basic work activities, it could not prevent plaintiff from engaging in substantial work activity and will not be considered severe.  <u>Hinkle</u>, 132 F.3d at 1352.

### **B.** **The ALJ's Step Two Finding**

The court presents here the ALJ's step two finding in its entirety:

> 3. The claimant has the following severe impairments:  disorders of the back[,] depression, anxiety, chronic obstructive pulmonary disease (COPD)[,] and syncope (20 CFR 404.1520(c)).
>
> These impairments impose more than minimal limitations on the claimant's ability to perform work-related activity.
>
> All other impairments alleged by the claimant or mentioned in the medical records are not severe under the Act and Regulations, as they have no more than a minimal effect on the claimant's ability to perform basic work activities.  These specifically include the following medically determinable impairment:  headaches.

(R. 13-14) (bolding omitted).

The ALJ specifically acknowledged that Plaintiff "reported frequent headaches." (R. 16). Later, when discussing Dr. Goren's testimony, the ALJ stated, "Dr. Goren testified that he would have no reason to challenge the fact that the claimant was having headaches, if she advised her physician she was experiencing headaches. Despite these findings, as outlined above, medical records do not support the severity of headaches that claimant has alleged." Id. The ALJ adopted Dr. Goren's opinion. Id. She also noted that in December 2010 "the claimant reported less frequent headaches (she had not experienced any debilitating headaches in the past month)." Id. at 17 (citing ex. 43F/3). This is the totality of the ALJ's discussion with regard to headaches.

### C. Analysis

As Plaintiff argues, the ALJ determined that Plaintiff has the medically determinable impairment of headaches and that this impairment has no more than a minimal effect on Plaintiff's ability to perform basic work activities. (R. 13-14). But, the ALJ did not explain how the evidence, or even what evidence, supported that finding. The record is replete with medical records reflecting treatment for Plaintiff's complaints of headaches. E.g., (R. 366-67, 564, 567, 761, 806, 995, 1004). Plaintiff testified at the hearing that she gets headaches three times a week, that she forgets what she learns while she has headaches, that the headaches last all day or all night--more than eight hours, that medication does not help her headaches, and that when the headaches keep her from sleeping she is irritable. (R. 33-34). Moreover, she testified that at least twice a week she

7

has headaches where she has to lie down, shut the curtains, cover her head, and stay there the whole day. Id. at 35.

The Commissioner argues that the ALJ adopted Dr. Goren's opinion and also found that Plaintiff's allegations of symptoms are not credible, and she argues that these findings are supported by the record evidence. In the Commissioner's view, then, the determination that headaches are not a severe impairment in this case is a proper finding because headaches are a symptom which is based upon a claimant's allegations and which is unsupportable by medical evidence. She reasons that because the ALJ properly found that Plaintiff's allegations are not credible, then Plaintiff's allegations regarding headaches are not credible, and headaches do not have more than a minimal effect on her ability to perform basic work activities and are not a severe impairment. However, the Commissioner's argument and the ALJ's decision both ignore that only a de minimis showing is necessary to demonstrate the presence of a severe impairment within the meaning of the Act and the regulations.

To be sure, the ALJ both adopted Dr. Goren's opinion, and determined that Plaintiff's allegations of symptoms are not credible. But the ALJ did not specifically examine the record evidence regarding headaches when making either finding, and did not explain how that evidence in particular supported the findings. In adopting Dr. Goren's opinion, the ALJ stated, "Dr. Goren testified that he would have no reason to challenge the fact that the claimant was having headaches, if she advised her physician she was experiencing headaches. Despite these findings, as outlined above, medical

8

records do not support the severity of headaches that claimant has alleged. Overall, Dr. Goren's findings are compatible with the evidence of record and the undersigned adopts the same." (R. 16). The only reason given to adopt Dr. Goren's opinions was that they "are compatible with the evidence of record." But, the ALJ did not explain in what way the opinions are compatible with the record evidence, and she did not cite to particular record evidence which is compatible with Dr. Goren's opinion. In many circumstances, this procedure might be acceptable because the court will review the record evidence and can determine whether the evidence is compatible with the opinion. Here, however, the court would at least have to weight the evidence regarding Plaintiff's headaches and determine what effect the headaches would have on the limitations opined by Dr. Goren before it can determine if the opinions are compatible with the record evidence regarding headaches. It is not within the purview of the court to reweigh the evidence in such a fashion, it is the duty of the Commissioner, and it was not fulfilled here. At least it was not explained in the decision.

The court's task is further compounded in this case by the fact that in making her credibility determination the ALJ did not specifically consider Plaintiff's allegations regarding headaches, and the record evidence in that regard. As noted above, the ALJ stated, "as outlined above, medical records do not support the severity of headaches that claimant has alleged." (R. 16). But, in making her credibility determination, the ALJ found that Plaintiff's allegations are not credible, and stated the bases for that finding-- that Plaintiff was working from her home performing work activities that are

9

incompatible with the limitations plaintiff asserted, and that Plaintiff continued to drink alcohol after she was told not to do so because it might cause further dehydration and might be the cause of Plaintiff's syncopal episodes. In her credibility analysis, she said nothing regarding how the record evidence relating to headaches reflects on Plaintiff's allegations that those headaches produced disabling symptoms.

At one point later in the decision, the ALJ noted a medical record from December 2010 in which it was noted that Plaintiff "reported having less frequent headaches (she had not experienced any debilitating headaches in the past month)." (R. 17). But this discussion relates to but one month in a medical record extending over a period of years, and says little regarding the credibility of Plaintiff's continuing allegations regarding headaches. In fact, that record confirms at least Plaintiff's belief that she has had debilitating headaches frequently enough that she would report when she has had a month free of such headaches. Moreover, the fact that the treating physician recorded the report provides at least some indication that the physician believed Plaintiff's reports of frequent, debilitating headaches.

Here, it appears the ALJ determined that Plaintiff's allegations of symptoms are not credible without specifically discussing Plaintiff's allegations regarding disabling headaches, and adopted Dr. Goren's opinion regarding functional limitations without explaining how those limitations were affected by, or affect, Plaintiff's allegations of disabling headaches. This was done in the face of Dr. Goren's admission that he had not considered Plaintiff's report of disabling headaches because he viewed them as symptoms

10

which cannot be confirmed by medical evidence, and may be accepted only by the ALJ's credibility determination. Having decided the issue of credibility without ever specifically addressing the record evidence regarding Plaintiff's headaches, the ALJ determined that Plaintiff's allegations regarding headaches are not credible, that Plaintiff's headaches have no more than a minimal effect on Plaintiff's ability to perform basic work activities, and that Plaintiff's headaches are not severe within the meaning of the Act and the regulations. This procedure does not comport with the <u>de minimis</u> standard for determining whether an impairment is severe at step two of the sequential evaluation process.

    Remand is necessary for the Commissioner to specifically consider the record evidence regarding headaches, and to apply the <u>de minimis</u> standard at step two of the sequential evaluation process to determine whether Plaintiff's headaches are a severe impairment within the meaning of the Act and the regulations. The court does not hereby intend to imply that the Commissioner must find that Plaintiff's headaches are a severe impairment, that Dr. Goren's opinion may not be adopted, or that the Commissioner must find Plaintiff's allegations of symptoms to be credible. Rather, the court finds that the Commissioner must apply the <u>de minimis</u> standard and actually discuss her evaluation of the evidence regarding headaches in the circumstances of this case, and that she may not simply determine that Plaintiff's allegations of symptoms are not credible and that, therefore, Plaintiff's headaches are not severe.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 23rd day of May 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**